United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE MURRY,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY MEDICAL CENTER;<br>PROVIDENCE PAVILION; HIGHLAND<br>HOSPITAL; and BURGER-KING<br>RESTAURANT,<br><br>    Defendants.<br>_____/ | No. C 12-06542 SI<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

    On December 27, 2012, *pro se* plaintiff Claude Murry filed a complaint against Kentucky Fried Chicken ("KFC"), and an application to proceed *in forma pauperis*. On March 6, 2013, the Court granted Murry's request to proceed *in forma pauperis*, and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and lack of subject matter jurisdiction. Docket No. 9. The Court granted Murry leave to file an amended complaint, and, on April 1, 2013, Murry filed a first amended complaint ("FAC") dropping KFC as a defendant and adding as defendants Alameda County Medical Center, Summit Medical Center Providence Pavilion, Highland Hospital, and Burger-King Restaurant ("Burger-King"). Docket No. 10, First Amended Complaint ("FAC"). On April 19, 2013, the Court held a case management conference. Docket No. 11. Plaintiff failed to attend the conference.

28 U.S.C. § 1915(e)(2) authorizes federal courts to dismiss a complaint filed *in forma pauperis* if the Court determines that the complaint is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Murry's FAC is inartful and at times incomprehensible, consisting primarily of a series of conclusory statements and phrases. The FAC appears to allege causes of action against Alameda County Medical Center, Summit Medical Center Providence Pavilion, and Highland Hospital for malpractice, negligence, and negligent infliction of emotional distress. FAC at 1-2, 12-15, 20-23. The FAC also appears to allege a cause of action against Burger-King for negligence. *Id.* at 24-34. After reviewing the allegations in the FAC, the Court concludes that, even when construed liberally, Murry's FAC is deficient because it does not allege a basis for federal jurisdiction, and it fails to properly state a claim for relief.

Federal courts have limited jurisdiction and can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: generally only those cases involving diversity of citizenship (where the parties are from diverse states) under 28 U.S.C. § 1332, or a federal question under 28 U.S.C. § 1331, or those cases to which the United States is a party. *Morrison v. United States Dept. of Justice*, 2012 WL 4685763 (N.D. Cal. Oct. 1, 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)). Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. *See* Fed. R. Civ. Proc. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, it must dismiss the case. *Id.* The burden of establishing federal subject matter jurisdiction rests upon the party invoking the Court's jurisdiction. *See Kokkonen*, 511 U.S. at 377.

The FAC does not allege a federal cause of action. The FAC at times refers to 47 U.S.C. § 605 of the Communications Act and 18 U.S.C. § 2511 of the Wiretap Act, which both prohibit signal piracy. FAC at 4, 5, 21, 26. *See DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). However, plaintiff does not appear to allege that any of the defendants violated these federal statutes. *See id.* Because plaintiff does not allege a federal cause of action, the Court does not have federal question jurisdiction over this action. *See* 28 U.S.C. § 1331; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("'[A] suit

'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'").

In addition, the Court does not have diversity jurisdiction over the action. For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). "Complete diversity" requires that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996). Plaintiff and defendant Alameda County Medical Center are both California citizens. *See Johnson v. Alameda Co. Med. Ctr.*, 205 Cal. App. 4th 521, 524 (2012) (finding that "Alameda County Medical Center (Medical Center) is a [California] public entity"). Therefore, there is not "complete diversity" between the parties, and the Court lacks diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Strawbridge*, 7 U.S. at 267.

In addition, the FAC fails to state a claim for relief. Under the Federal Rules of Civil Procedure, to state a claim, a complaint must contain more than labels, conclusions, or naked assertions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Id.* Although plaintiff appears to be alleging state law causes of action for malpractice, negligence, and negligent infliction of emotional distress, plaintiff fails to provide sufficient factual allegations supporting these causes of action. Indeed, the Court is unable to decipher from the FAC what wrongful conduct plaintiff alleges the defendants committed. The Court is mindful of its obligation to liberally construe pro se pleadings. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, even under that standard, plaintiff fails to state a claim.

In sum, the Court lacks jurisdiction over plaintiff's action, and the first amended complaint fails to state a claim. For the foregoing reasons, the Court DISMISSES the first amended complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: September 25, 2013

SUSAN ILLSTON
United States District Judge